UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-34-D

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | |
| $66,899.00 IN U.S. CURRENCY, | ORDER |
| Defendant, and | |
| SAMI NAGI, | |
| Claimant. | |

This matter is before the court on the United States of America's ("the Government") motion to compel discovery responses [DE-27]. Claimant Sami Nagi ("Nagi") opposes the motion. [DE-32]. For the following reasons, the Government's motion is allowed.

**I. Background**

The Government brings this action in rem pursuant to 18 U.S.C. § 981(a)(1)(C). The forfeiture claim arises from a July 26, 2021 traffic stop where law enforcement seized $66,899 in cash from the vehicle Nagi was driving as suspected proceeds from contraband cigarette trafficking. Compl. Ex. A [DE-2-1] at 3–4. On December 8, 2022, the court entered a scheduling order, [DE-24], and the Government served its first discovery requests on February 23, 2023, Pl.'s Mem. Ex. A [DE-28-1]. The parties consented to extending Nagi's response deadline through April 26, 2023, but Nagi did not provide any discovery responses by that date. Pl.'s Mem. [DE-28] at 2.

On May 27, 2023, counsel for the Government contacted Nagi's counsel to request the

outstanding discovery responses, and on June 26, 2023, Nagi responded to the Government's interrogatories but did not respond to the requests for production of documents. *Id.*; *see* Pl.'s Mem. Ex. B [DE-28-2]. At this point, counsel for the Government sent Nagi's counsel another letter demanding that Nagi amend and/or supplement his responses to certain interrogatories and respond in the first instance to the requests for production. Pl.'s Mem. [DE-28] at 2. Nagi then provided the Government with amended answers to interrogatories, as well as various bank statements and repair invoices for Nagi's Range Rover, in a production dated July 11, 2023.[1] *Id.* at 2–3.

The Government states that Nagi presumably intended for the produced bank statements to respond to Request No. 7, which seeks documentation related to Nagi's financial accounts. *Id.* at 3; *see* Pl.'s Mem. Ex. A [DE-28-1] at 25. However, the Government asserts that none of Nagi's responses were labelled, so it is not clear that the bank statements represent a complete response to Request 7, nor is it evident which request the produced repair invoices are related to. Pl.'s Mem. [DE-28] at 3; *see* Pl.'s Mem. Ex. A [DE-28-1] at 24–28. Moreover, the Government avers that, except for Request No. 7, Nagi has (1) failed to respond to the Government's Requests for Production of Documents; (2) failed to provide a formal, itemized written response that specifically identifies which documents have been or are being produced in response to a particular request, or confirm that a reasonable search has been conducted if the information does not exist or is not within Nagi's possession, custody, or control; and (3) failed to serve any objections to the Government's requests for production. Pl.'s Mem. [DE-28] at 4–5.

---

[1] The Government notes that while it does not concede the sufficiency of these productions, they are not the subject of the instant motion and thus are not attached to it. Given that Nagi appears to agree with the Government's characterization of these documents, *see* Claimant's Mem. [DE-33] at 2, the court finds it unnecessary to review them.

Counsel for the Government attempted to resolve these discovery issues without judicial intervention by sending a letter to Nagi's counsel on September 14, 2023. *Id.* at 3. In that letter, counsel for the Government demanded a formal and complete response to its requests for production by September 22, 2023. *Id.* On the day of the deadline, Nagi's counsel sent two text messages to the Government's counsel: "Hopefully I can get Nagi in the office today to sign," and later, "Could not get in touch with Nagi." *Id.* Five days after this interaction, Nagi's counsel then sent another text message: "[a]ll Nagi . . . need[s] to do now is sign." *Id.*

Following these conversations, the parties engaged in settlement discussions where the Government's counsel informed Nagi's counsel that the Government would only be able to consider or evaluate a settlement offer after receiving and reviewing documents responsive to the Government's discovery requests. *Id.* at 3–4. The Government claims that despite these discussions, Nagi has yet to respond to the outstanding requests for production or preserve any objections to providing the requested discovery. *Id.* at 4. As a result, the Government filed the instant motion on October 16, 2023. Subsequently, the court entered an order granting Nagi leave to file his response in opposition to the motion to compel, [DE-31], as well as an order granting the Government's motion for an extension of time to complete discovery, [DE-35]. The discovery deadline is now set for March 28, 2024. *Id.*

## II. Discussion

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

3

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

4

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

The Government seeks an order from the court compelling Nagi to (1) respond to all of the Government's requests for production of documents, excluding Request No. 7; (2) provide a formal response that specifically identifies which documents have been or are being produced in response to a particular request, or confirm that a reasonable search has been conducted if the information does not exist or is not within Nagi's possession, custody, or control; and/or (3) serve any relevant objections to the Government's requests. Pl.'s Mem. [DE-28] at 4–5. In response, Nagi contends that "there is nothing more for the government to [c]ompel." Claimant's Mem. [DE-33] at 3. According to Nagi, the defendant property at issue in this case was not acquired because of unlawful activity, but because Nagi sold his ownership interest in Omar Deli, a New York business. *Id.* Nagi claims that his former business partners have refused to provide him with any business records from the store, so there are no responsive documents left to produce. *Id.* Further,

5

Nagi states that he is acting in good faith and will continue to make reasonable efforts to locate additional responsive documents and promptly produce them if they are found. *Id.*

The court acknowledges that Nagi cannot produce what he does not have. In *Georgia-Pac. Corp. v. Von Drehle Corp.*, 2007 WL 9637134, at *1–2 (E.D.N.C. Aug. 17, 2007), this court found that absent evidence to the contrary, "[t]he court must take [a party's] word that it has produced all responsive discoverable documents if [the party] says that it has." However, even a quick review of the Government's requests for production of documents reveals that several of the Government's requests do not seek documents related to the defendant property or its acquisition.[2] Additionally, the text messages exchanged between counsel for the Government and counsel for Nagi clearly imply that there are remaining documents in Nagi's possession that have yet to be produced. *See* Pl.'s Mem. [DE-28] at 3. Finally—and most importantly—even if there are no documents responsive to a request for production of documents, the requesting party is entitled to a response pursuant to Fed. R. Civ. P. 34(b).

Accordingly, the motion to compel, [DE-27], is allowed. The court has reviewed the Government's requests for production and finds them to be within the permissible scope of discovery. Further, because Nagi did not fully respond to the Government's requests for production of documents in a timely manner, any objections to the relevance or scope of the requests are waived. See Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless

---

[2] For example, the Government's Request for Production of Documents No. 1 asks Nagi to "[p]roduce all documents and records on which you relied in answering, or which support your answer to, or which you were asked to identify in, each of the above Interrogatories," Pl.'s Mem. Ex. A [DE-28-1] at 24, while No. 9 asks Nagi to "[p]roduce current copies of bills, invoices, receipts or any other record or documentation of the amounts spent by you for yourself and all dependents for the living and other expenses identified in response to Interrogatory No. 9." *Id.* at 25.

Case 5:22-cv-00034-D   Document 36   Filed 01/08/24   Page 6 of 7

the court, for good cause, excuses the failure."). However, the court will permit Nagi to assert any valid claim of privilege in conformity with Fed. R. Civ. P. 26(b)(5)(A). Nagi shall provide complete responses to the Government's request for production of documents (excluding Request No. 7) by no later than **February 7, 2024.** Nagi is cautioned that a failure to participate in discovery or to comply with the court's order may result in sanctions including dismissal of his claim. *See* Fed. R. Civ. P. 37(b), (d).

Submitted, this the 8th day of January, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge